IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NATIVIDAD SILVA, JR.,      )
ID # 23368-077,           )
        Plaintiff,       )
vs.                    )      No.  3:03-CV-2279-D
                    )
PAUL D. STICKNEY, et al.,   )
      Defendants.     )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in imple-

mentation thereof, subject cause has previously been referred to the United States Magistrate Judge.

The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

### A.  Nature of the Case

Plaintiff, a prisoner in the Federal Correction Institution (FCI) located in Seagoville, Texas,

brought this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,

403 U.S. 388 (1971)[1] against Paul D. Stickney (Stickney), United States Magistrate Judge; A. Joe

Fish, United States District Judge; Barefoot Sanders, United States District Judge; Angie Henson,

Assistant United States Attorney (AUSA); St. Clair Theodore (Theodore), Assistant United States

Attorney; Alan Greenspan (Greenspan), defense attorney; K.J. Wendt (Wendt), former Warden of

FCI Seagoville; and Mike Ward (Ward), Special Agent (SA) for the Federal Bureau of Investigation.

(Compl. at 1.)  Plaintiff alleges violations of his constitutional rights; violations of the Racketeer

---

[1] In *Bivens*, the United States Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action in federal court, brought pursuant to 28 U.S.C. § 1331.

Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1962; and common law fraud and deceit.  (*Id.* at 2.)

## B. Factual and Procedural History

On July 30, 1992, the United States government indicted plaintiff on four counts of robbery affecting interstate commerce and two counts of using and carrying a firearm during a felony.  (*Id.* at 2.)  Plaintiff pled guilty to all six counts on November 3, 1992.  (*Id.*)  Since that time, he has un-successfully pursued an appeal of his conviction, three motions to vacate under 28 U.S.C. § 2255, and a petition for writ of habeas corpus under § 2241.  (*Id.* at 3.)

Plaintiff commenced this action by filing his complaint on September 28, 2003.[2]  In his original complaint, he claims that he is actually innocent of the gun charge in Count 6 of the indictment based on the Supreme Court's holding in *Bailey v. United States*, 516 U.S. 137 (1995). (*Id.*)  He appears to contend that the denial of his § 2255 motion has deprived him of his consti-tutional right "to challenge a[n] unconstitutional conviction and the execution of . . . due to an invalid plea."  (*Id.* (ellipses in original).)  He asserts that all defendants "entered a scheme plainly designed to corrupt the legitimacy of the truth seeking process and gain a conviction by fraud," and that defendants obstructed justice and exceeded the scope of their authority.  (*Id.* at 1.)  He also claims that defendants retaliated against him "for his exercising his rights."  (*Id.*)  Plaintiff seeks monetary, injunctive, and declaratory relief.  (*Id.* at 2.)  No process has been issued in this case.

---

[2]   Under the prison mailbox rule, an action under 42 U.S.C. § 1983 is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court.  *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The mailbox rule applies equally to this civil action filed under RICO and *Bivens*.  *See Turner v. Singletary*, 46 F. Supp. 2d 1238, 1242 (N.D. Fla. 1999) (holding that mailbox rule applies to actions filed under *Bivens* and Federal Tort Claims Act).  The record does not reflect when plaintiff gave his complaint to the prison authorities for mailing, but it was "filed" sometime between September 28, 2003, when he signed the complaint, and October 2, 2003, when this Court received it.  For purposes of these findings, the Court uses the date petitioner signed the complaint as the date of filing.

On September 28, 2004, this Court recommended that the District Court dismiss plaintiff's claims against the judicial and prosecutorial defendants with prejudice based on immunity; dismiss plaintiff's *Bivens* claims with prejudice as frivolous until such time as plaintiff satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994); summarily dismiss plaintiff's RICO claims with prejudice for failure to state a claim upon which relief can be granted; and summarily dismiss plaintiff's pendent state-law claims of fraud and deceit with prejudice for the failure of plaintiff to file such claims within the applicable period of limitations. (*See* Findings, Conclusions, and Recommendation (FCR) at 9.)

After reviewing petitioner's various objections to the September 28, 2004 recommendation, the District Court agreed that petitioner had failed to plead a valid claim under RICO, and thus, dismissed that claim with prejudice. (*See* Order and Order of Re-reference [hereinafter Order of Re-Reference] at 1-3.) In addition, it dismissed the entire action against Judge Sanders, Judge Fish, and Angie Henson. (*Id.* at 1, 4-6.) However, it declined to conclude that Magistrate Judge Stickney was entitled to immunity because plaintiff's objections indicated that he might be pursuing claims for actions taken in Judge Stickney's previous capacity as an Assistant Federal Public Defender (AFPD) representing plaintiff's co-defendant and brother. (*Id.* at 6.) The District Court further declined to hold that the state fraud and deceit claims were barred by limitations because it was not entirely clear as to what facts formed the basis for such claims. (*Id.* at 3-4.) Because the District Court recognized that plaintiff had included additional factual allegations in his objections and appeared to raise new claims not raised in his original complaint, it construed the objections as a motion to amend complaint and suggested that plaintiff provide additional clarification to determine the

3

precise claims raised.  (*Id.* at 6-7.)  The District Court re-referred the case to this Court for further

proceedings.  (*Id.*)

This Court then mailed plaintiff a Magistrate Judge's Questionnaire (MJQ) to obtain more

information regarding his claims.  The Court received plaintiff's initial answers on June 28, 2005, and

additional answers on August 30, 2005.  From these answers, it is clear that plaintiff pursues *Bivens*

claims as well as state fraud and deceit claims against each of the five remaining defendants.  (*See*

Answers to Questions 1 and 2 of MJQ.)[3]  The answers also reflect that plaintiff pursues claims of

mail and wire fraud under 18 U.S.C. §§ 1341 and 1343 related to a claim of illegal restitution, claims

under 18 U.S.C. §§ 1503 and 1512 related to obstruction of justice and witness tampering, claims

under 18 U.S.C. § 1951 related to interference with commerce by threats or violence,[4] and RICO.[5]

(*See* Answers to Questions 1-4 of MJQ.)

## II.  PRELIMINARY SCREENING

The Court has permitted plaintiff to proceed *in forma pauperis* (IFP).  His claims, including

his newly-asserted claims, are thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).  As

a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's complaint

is also subject to preliminary screening pursuant to 28 U.S.C. § 1915A regardless of whether he

---

[3]  When the Court cites to plaintiff's answers, it refers to both his initial and additional answers in combination.

[4]  Plaintiff alleges numerous alleged violations of federal criminal statutes as a basis for various claims in this action.
However, criminal statutes of themselves provide no jurisdictional basis for a civil action.  *See Hanna v. Home Ins. Co.*,
281 F.2d 298, 303 (5th Cir. 1960).  The Court thus considers the alleged violations of federal criminal statutes within
the context of plaintiff's *Bivens* and state-law claims only.

[5]  Although plaintiff tries to revive his claims under RICO, 18 U.S.C. § 1962(a)-(d), the District Court has already
dismissed those claims, and such claims will therefore not be further entertained.

proceeds *in forma pauperis*. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Both of these sections provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Furthermore, a claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

In addition, when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). In such circumstances, courts may also dismiss the claims under § 1915A, when it applies. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-21 (5th Cir. 1998).

### III.  AVAILABLE RELIEF

Plaintiff seeks monetary, declaratory, and injunctive relief in this action, including invalidation of his guilty plea and resulting convictions, fines and restitution, and a jury trial on the criminal charges against him.[6]  Such relief is not appropriate for actions brought pursuant to 42 U.S.C. § 1983.  *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) (holding that release from imprisonment is an inappropriate remedy under § 1983).  Such requested relief is also not appropriate for actions under *Bivens* or RICO.  Thus, the requested declaratory and injunctive relief does not survive summary dismissal, and plaintiff's only potentially viable claim for relief in this action is his request for monetary damages.

### IV.  CLAIM AGAINST JUDGE STICKNEY IN HIS OFFICIAL CAPACITY

Plaintiff's answers indicate that he seeks monetary damages from Magistrate Judge Stickney, in part, for his role in the disposition of plaintiff's § 2241 petition filed to attack his federal convictions.[7]  (*See* Compl. 1-5; Answer to Question 1 of MJQ.)  Specifically, on August 5, 2003, Judge Stickney recommended that the District Court dismiss a § 2241 petition filed by plaintiff in Cause No. 3:02-CV-2265-H, and the Honorable Barefoot Sanders accepted that recommendation, and dismissed the petition.

---

[6]  Although this relief is appropriately sought in a motion to vacate, the Court declines to so construe this civil action. Because plaintiff has already collaterally attacked his federal convictions four times, construing this action as a fifth motion to vacate would merely result in its dismissal as successive.

[7]  Plaintiff alleges that the denial of his direct appeal, three § 2255 actions, and a § 2241 action violated his rights under the First, Fifth, and Sixth Amendments.  (*See* Answer to Question 1 of MJQ.)  He later indicates that his claims against Magistrate Judge Stickney in his judicial capacity relate solely to the denial of the § 2241 petition.  (*Id.*)  A review of the court records related to plaintiff reveal that Judge Stickney had no involvement in the disposition of plaintiff's direct appeal or three § 2255 actions.  Because Magistrate Judge Stickney is the only judge presently sued by plaintiff, his claims related to post-conviction remedies are limited to Judge Stickney's role in the disposition of the § 2241 action.

Because plaintiff sues a federal judge, this action raises issues of immunity.  When an action raises an issue of immunity, the Court determines that issue as early in the proceedings as possible to the extent it is feasible.  *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).  Such early determination "best serves the purposes underlying the absolute immunity doctrine."  *Boyd*, 31 F.3d at 284.  Consequently, the Court considers the question of judicial immunity before specifically addressing plaintiff's claims.

The United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties.  *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982).  Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction."  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978); *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991).  Furthermore, allegations of bad faith or malice do not overcome judicial immunity.  *Mireles*, 502 U.S. at 11.

Plaintiff makes no allegation that Judge Stickney acted outside the scope of his judicial duties or without jurisdiction.  The actions of Judge Stickney with respect to plaintiff's § 2241 petition fall within the jurisdiction accorded United States magistrate judges.  Judge Stickney is therefore absolutely immune to any claims based on the performance of his judicial duties in dismissing a § 2241 petition, and the Court should dismiss plaintiff's claims against him related to the dismissal of plaintiff's § 2241 action.

## V.  RESTITUTION CLAIMS

Plaintiff complains about the collection of illegal restitution in his answers to the MJQ as well as in his objections to the initial FCR.  (*See* Answer to Question 3 of MJQ; Objections at 9, 13.)

7

Plaintiff, however, has already unsuccessfully pursued claims related to illegal restitution in an action against the Bureau of Prisons, FCI Seagoville, and several FCI employees, including K.J. Wendt.  *See Silva v. Bureau of Prisons*, No. 3:04-CV-0452-N, 2004 WL 1553471, at *1-6 (N.D. Tex. July 12, 2004) (findings, conclusions, and recommendation), *accepted by* 2004 WL 1732354 (N.D. Tex. Aug. 2, 2004).  Because plaintiff did not complain about restitution in this case until after the Court dismissed his other action, his claims regarding restitution are subject to summary dismissal.

Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."  *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).  Such dismissal is predicated on principles of *res judicata*.  *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993).  It is well-settled that "res judicata bars all claims that were brought or could have been brought based on the operative factual nucleus."  *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 938 n.1 (5th Cir. 2000).  Consequently, courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action seeks to relitigate claims already decided against the *in forma pauperis* plaintiff or when the action seeks to raise claims that could have been brought on the same facts.

Because plaintiff has already unsuccessfully pursued claims based upon unlawful restitution, the Court should dismiss his restitution claims as frivolous.  Such claims were either raised in the other action or could have been raised in such action.  Furthermore, because plaintiff has clarified that defendant Wendt's alleged involvement in the matters giving rise to this action is limited to his

restitution claims, (*see* Answer to Question 1 of MJQ), this entire action should be dismissed as frivolous as it pertains to defendant Wendt.

## VI.  BIVENS CLAIMS

Plaintiff's *Bivens* claims concern alleged violations of the Fourth, Fifth, and Sixth Amendments to the United Stated Constitution.[8]  (*See* Answer to Question 1 of MJQ.)  In particular, he alleges that the constitutional violations commenced on July 10, 1992, when SA Ward allegedly forced his way into plaintiff's residence without a warrant and coerced plaintiff to confess.  (*Id.*)  The alleged violations continued on September 9, 1992, when attorney Greenspan attempted to coerce him to change his plea to guilty, and on or about September 17, 1992, when AUSA Theodore denied plaintiff a fair trial by tampering with witnesses.  (*Id.*)  In addition, on November 3, 1992, all three defendants allegedly threatened plaintiff in an effort to coerce plaintiff to change his plea to guilty.  (*Id.*)  Finally, prior to January 12, 1993, then AFPD Stickney represented plaintiff's co-defendant brother and thus allegedly possessed actual knowledge of the case, plaintiff's actual innocence, and the governmental misconduct.  (*Id.*)

To state a viable *Bivens* claim, plaintiff must show that defendants have deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *See Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (stating that 42 U.S.C. § 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or

---

[8]  In his initial answers to Question 1 of the MJQ, plaintiff also alleges unspecified violations of the First Amendment. In his additional answers to that question, however, he identifies the specific First Amendment violation as a violation of his right to petition for a redress of grievances.  Such violation appears related only to the allegations concerning post-conviction remedies.  As already discussed, Judge Stickney is immune from damages for actions taken in his official capacity.  Because plaintiff asserts no claim regarding his right to petition against any other defendant, the Court does not further address such claim.

immunities secured by the Constitution and laws' of the United States"); *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) (noting that "[a] *Bivens* action is analogous to an action under § 1983 – the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials").

When a prisoner seeks monetary damages in a *Bivens* action, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if so, the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by collateral proceedings under 28 U.S.C. §§ 2254 or 2255. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (§ 1983 action); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (extending *Heck*'s applicability to *Bivens* actions). When success in a civil "damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). The *Heck* rationale has been extended to civil rights actions seeking declaratory or injunctive relief as well as damages. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998).

Because separate considerations apply to plaintiff's search-and-seizure claim, the Court separately considers that claim from his other alleged Constitutional violations.

A.  <u>Search and Seizure</u>

Plaintiff alleges that a Fourth Amendment violation occurred when SA Ward forced his way into plaintiff's residence without a warrant on July 10, 1992.  (*See* Answer to Question 1 of MJQ.)  The lengthy delay between that date and the date plaintiff filed the instant action on September 28, 2003, prompts consideration of the timeliness of this action.  The Court "may raise the defense of limitations *sua sponte*."  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

A two-year statute of limitations applies to suits brought pursuant to *Bivens* in Texas.  *See Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998).  Plaintiff thus had two years from the date that his *Bivens* claims accrued to file suit.

> Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'  A plaintiff's awareness encompasses two elements: '(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.'  A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim.  Actual knowledge is not required 'if the circumstances would lead a reasonable person to investigate further.'

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citations omitted).  In other words, "[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

In this instance, plaintiff's search-and-seizure claim falls well outside the applicable statutes of limitation.  Plaintiff's answers to the Magistrate Judge's Questionnaire establishes that he knew the facts that form the basis for this claim on July 10, 1992, when the alleged unconstitutional search and seizure occurred.  However, plaintiff did not file the instant suit until September 2003, more

11

than eleven years after the search of his home. It thus appears that this claim is time-barred. The Court may therefore summarily dismiss the claim as untimely. *Gonzales*, 157 F.3d at 1019-21 (holding that court may summarily dismiss untimely complaint under § 1915A); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (holding that court may summarily dismiss the complaint filed *in forma pauperis*, if it is "clear" that claims asserted are barred by limitations).

Although the search-and-seizure claim appears time-barred, the applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.* Such "tolling provisions are also used in *Bivens* cases." *Lopez-Vences v. Payne*, 74 Fed. App'x 398, 398 (5th Cir. 2003) (per curiam). "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted).

If not tolled, limitations generally continue "to run until the suit is commenced by the filing of the plaintiff's complaint in the clerk's office." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Plaintiff filed his original complaint after the applicable statute of limitations had expired. He provides no basis for equitable tolling under Texas or federal law. Consequently, his claim of illegal search and seizure should be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A for his failure to file the claim within the statutory periods of limitations. Although the search-and-seizure claim survives dismissal under *Heck*, it does not survive dismissal under the applicable statute of limitations.

**B.  Other Alleged Constitutional Violations**

Plaintiff also alleges that a Fifth Amendment violation of his right to remain silent occurred when SA Ward coerced him to confess.  He further alleges that Sixth Amendment violations occurred when AUSA Theodore tampered with witnesses; attorney Greenspan rendered ineffective assistance of counsel; and all three threatened plaintiff to coerce him to change his plea to guilty.  Plaintiff also alleges that then AFPD Stickney, as defense counsel for his co-defendant brother, violated his Constitutional right to a fair trial by knowing of government misconduct in 1992.[9]  Plaintiff also alleges that the four defendants[10] violated his Constitutional rights when they schemed to deprive him of his Constitutional rights, to convict him, and to deprive him his right to post-conviction remedies.

Finding that "the crux of plaintiff's complaint is that defendants 'entered a scheme' to deprive him of his constitutional right to challenge his conviction," this Court previously recommended that the District Court dismiss plaintiff's *Bivens* claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  (*See* FCR at 9.)  The prior recommendation stated:

> If plaintiff can prove his allegations, such success would necessarily call into question his conviction.  Plaintiff's allegations and the validity of his conviction are insep-

---

[9]  Despite such allegation, plaintiff provides no details as to the alleged violation.  He does not explain how a defense attorney for his brother violated his right to a fair trial.  Plaintiff's only explanation relates to Stickney's involvement as a United States magistrate judge assigned to his § 2241 action.  The Court, however, has already found Stickney immune to damages from his judicial actions.  Such actions, furthermore, occurred well after his convictions.

[10]  Plaintiff also included defendant Wendt in this scheme.  (*See* Answer to Question 1 of MJQ.)  Wendt's involvement, however, is limited to the collection of restitution.  (*Id.*)  The Court has recommended dismissal of plaintiff's claims of restitution as duplicative of other litigation.  Such recommended dismissal disposes of all claims against Wendt.  Although plaintiff did not specifically assert any conspiracy with respect to his restitution claims in his other case, *see Silva v. Bureau of Prisons*, No. 3:04-CV-0452-N, 2004 WL 1553471, at *1-6 (N.D. Tex. July 12, 2004) (findings, conclusions, and recommendation), *accepted by* 2004 WL 1732354 (N.D. Tex. Aug. 2, 2004), all of his restitutions claims arise out of the same operative facts, and plaintiff could have raised a conspiracy claim related to his restitution in the other case.

13

arable.  If the Court were to grant plaintiff damages under the facts of this case, such
a ruling would necessarily implicate the validity of his federal conviction in *United
States v. Silva*, No. 3:92-CR-342-G (N.D. Tex.).  Accordingly, under *Heck*, plaintiff
must demonstrate that his conviction or sentence has been reversed, invalidated, or
expunged prior to bringing an action under *Bivens*.  *See Stephenson v. Reno*, 28 F.3d
26, 27 (5th Cir. 1994) (extending *Heck*'s applicability to *Bivens* actions).

Plaintiff has failed to make such a showing.  The Court takes judicial notice
of *United States v. Silva*, No. 3:92-CR-342-G (N.D. Tex.) and notes that his con-
viction remains valid.  As shown by his ongoing incarceration resulting from that
conviction, his conviction has not been reversed on direct appeal, expunged by
executive order, declared invalid by a state tribunal, or called into question by any
collateral proceeding.  In fact, as recognized by plaintiff, this Court has denied plain-
tiff's four prior collateral attacks against his conviction.  His direct appeal also failed.

As recognized in his initial answer to Question 4 of the MJQ, plaintiff originally alleged that

defendants "entered into a scheme plainly designed to corrupt the truth seeking process and gain a

conviction by fraud."  Within that answer, plaintiff submits that the instant action "will not invali-

date the conviction for reasons that the defendants abused their authority."  He concedes that he

"was guilty to some extent, for the robberies, counts 1-5 of the indictment."  In his additional answer

to Question 4, he argues that granting relief on the alleged constitutional violations will not inval-

idate his conviction because he challenges the procedures that violated his rights.

Such challenge does not make *Heck* inapplicable to plaintiff's remaining constitutional

claims.  Success on plaintiff's conspiracy claim would necessarily imply the invalidity of plaintiff's

convictions.  *See Switzer v. Burkes*, 115 Fed. App'x 751, 751 (5th Cir. 2004) (per curiam) (holding

that a civil claim that "his criminal defense attorney conspired with the trial judge to deprive him

of his right to appeal" invoked the *Heck* bar); *Brisco v. Grantham*, No. 3:03-CV-218-K, 2003 WL

21321217, at *2 (N.D. Tex. Mar. 27, 2003) (findings, conclusions, and recommendation holding

that success on an alleged conspiracy between defense counsel, the prosecution, and law enforce-

ment personnel "would necessarily implicate the validity of his conviction . . . and inevitably affect the duration of his confinement), *adopted by* 2003 WL 21517781 (N.D. Tex. Apr. 14, 2003). Further, success on allegations "of the denial of the right to counsel under the Sixth Amendment, denial of the Fifth Amendment right not to be compelled to incriminate oneself as enunciated in *Miranda v. State of Arizona*, 384 U.S. 440 (1966), and a coerced confession in violation of the Fifth Amendment" would necessarily "imply the invalidity of the underlying conviction." *Wilson v. Buford*, No. 4:02-CV-959-Y, 2003 WL 21212566, at *4 (N.D. Tex. May 22, 2003), *accord Brisco*, 2003 WL 21321217, at *2 (findings, conclusions, and recommendation holding that success on claims of ineffective assistance of trial counsel and of a coerced confession would necessarily imply the invalidity of the conviction). Success on "allegations challenging his counsel's conduct . . . would undermine the validity of his conviction." *Pearson v. United States*, No. 3:01-CV-1239-M, 2001 WL 1076123, at *3 (N.D. Tex. Sept. 10, 2001) (findings, conclusions, and recommendation accepted by District Court). Success on allegations of an invalid plea necessarily implies the invalidity of the conviction resulting from such plea. *Sanders v. Johnson*, No. 03-41708, 2004 WL 1161859, at *1 (5th Cir. May 24, 2004) (per curiam); *Brisco*, 2003 WL 21321217, at *2. Finally, success on plaintiff's claims that then AFPD Stickney, as defense counsel for his brother, took some action that deprived plaintiff of his Constitutional right to a fair trial, would also necessarily imply the invalidity of plaintiff's convictions.

Because success on these claims would necessarily imply the invalidity of plaintiff's convictions, these *Bivens* claims are "legally frivolous" within the meaning of 28 U.S.C. §§ 1915 and 1915A. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). The Court should dismiss these

claims "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *accord Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994) (upholding dismissal with prejudice); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994) (same).

Furthermore, were the Court to find *Heck* inapplicable to bar these claims, the Court would find the claims barred by the applicable statute of limitations as discussed with respect to plaintiff's search-and-seizure claim. All of these claims occurred in 1992 or 1993. Plaintiff has shown no basis to equitably toll the limitations period.

## VII. PENDENT STATE-LAW CLAIMS

Plaintiff also asserts state law claims based upon fraud and deceit. (*See* Compl. at 4-5.) In his answers to the MJQ, he clarifies that these claims are premised on the same facts as his *Bivens* claims. (*See* Answer to Question 2 of MJQ.) Other than claimed fraud related to restitution payments, the facts of the alleged fraud were known in 1992.[11] (*Id.*) Although these claims arise under state, rather than federal law, the Court may exercise supplemental jurisdiction over the pendent state-law claims. *See* 28 U.S.C. § 1367.

This Court previously recommended that the District Court dismiss these pendent state-law claims as untimely. (*See* FCR at 8-9.) After noting a four-year statute of limitations for such claims, the Court found that plaintiff was "fully aware of the facts that give rise to his fraud claims since at least 1995." (*Id.* at 8.) Finding no basis to equitably toll the limitations period, the Court found the

---

[11] Due to plaintiff's other action that dealt with payment of restitution, the Court does not revisit claims related to restitution. The dismissal of that action precludes consideration of all claims that were raised or could have been raised. Even if the other action did not specifically address state-law claims of fraud and deceit, plaintiff could have raised such claims.

claims untimely. (*Id.* at 9.) Due to uncertainties regarding the factual basis for such claims in light of plaintiff's objections to the FCR, the District Court declined to find the claims untimely without additional factual background. (*See* Order of Re-reference at 3-4.) Plaintiff has now provided additional information which undoubtedly shows that he bases his state-law claims on the same facts as his *Bivens* claims. The additional information also clearly shows that plaintiff filed his state-law claims more than four years after he knew of the alleged wrongful injury.

However, plaintiff's pendent state-law claims are not necessarily untimely when the factual basis for such claims is the same as constitutional claims that are barred by *Heck*. The Fifth Circuit has held that, when state-law claims are based on the same premise as constitutional claims under 42 U.S.C. § 1983, *Heck* may also bar relief on such claims. *See Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000). Because there is no material difference between § 1983 and *Bivens* actions other than the distinction between state and federal actors, *Hainze* dictates that the Court dismiss plaintiff's pendent state-law claims as barred by *Heck* to the extent *Heck* applies to those claims. As already discussed *Heck* bars all of plaintiff's *Bivens* claims except for the one alleging an unlawful search and seizure. Because the alleged unlawful search and seizure appears unrelated to plaintiff's claims of fraud and deceit, the Court should find that plaintiff's pendent state-law claims have not yet accrued for purposes of the statute of limitations.[12] Consequently, the Court should dismiss the state-law claims as *Heck* barred. To the extent plaintiff somehow bases his fraud and deceit claims on the illegal search and seizure, the Court should find the fraud and deceit claims based upon that search and seizure untimely.

---

[12] Under *Heck*, a federal claim "does not even arise until his conviction has been invalidated." *Thomas v. Esquivel*, 959 F. Supp. 396, 398 (N.D. Tex. 1997) (citing *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994)).

## VIII.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** plaintiff's claims against Judge Stickney for his judicial acts with prejudice based on immunity.  It is further recommended that the District Court **DISMISS** plaintiff's restitution claims as frivolous because plaintiff has already unsuccessfully pursued the same or similar claims in other litigation.  It is also recommended that, except for plaintiff's claim of illegal search and seizure, the District Court **DISMISS** plaintiff's claims pursuant to *Bivens* with prejudice as frivolous until such time as plaintiff satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  The District Court should **DISMISS** plaintiff's claim of illegal search and seizure with prejudice as untimely.  Finally, it is further recommended that the Court summarily **DISMISS** plaintiff's pendent state-law claims with prejudice as frivolous until such time as plaintiff satisfies the conditions set forth in *Heck*.  To the extent plaintiff bases his state-law claims on the alleged illegal search and seizure, the Court should **DISMISS** such claims as untimely.  The dismissal of this action will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[13]

**SIGNED this 30th day of September, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[13] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE